Matter of Rosen Livingston & Cholst, LLP v De Corcho (2019 NY Slip Op 02813)





Matter of Rosen Livingston & Cholst, LLP v De Corcho


2019 NY Slip Op 02813


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Friedman, J.P., Sweeny, Webber, Gesmer, Singh, JJ.


8962 159138/16

[*1]In re Rosen Livingston & Cholst, LLP, Petitioner-Appellant,
v
Alan Perez De Corcho, et al., Respondents, L.A.L. Little Italy Mgmt. Co., LLC, Respondent-Respondent.


Anderson Kill P.C., New York (Devin W. Ness of counsel), for appellant.
Berkman Henoch Peterson Peddy & Fenchel, P.C., Garden City (Robert A. Carruba of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 28, 2017, which, to the extent appealed from, dismissed petitioner's second cause of action, to enforce its charging lien against respondent L.A.L. Little Italy Mgmt., Co., LLC, unanimously affirmed, without costs.
Where a claimed offset to a charging lien arises from the same "transaction or instrument" as the charging lien, the claims "share a common origin," and the attorney's charging lien is not afforded priority over the offset (Banque Indosuez v Sopwith Holdings Corp. , 98 NY2d 34, 43 [2002]). Here, petitioner law firm's fees, awarded as a result of a January 5, 2016 order in favor of its clients (tenants in a Housing Court proceeding), and respondent landlord's right of setoff, based upon a March 31, 2016 Housing Court order against the tenants, both arose out of the parties' rights and obligations under the subject lease. To find otherwise would require respondent landlord to pay petitioner's fees when respondent had already been awarded rent due under the lease in excess of the fees due counsel.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK